United States District Court
Southern District of Texas
**ENTERED**
February 20, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DONNA L. KEATON, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00172 |
| | § | |
| COMMUNITY LOAN SERVICING, LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before me is Defendant's Motion for Summary Judgment. Dkt. 17. Having reviewed the briefing, the record, and the applicable law, I **GRANT** the motion.

## BACKGROUND

On January 9, 2004, Plaintiff Donna L. Keaton ("Keaton") purchased the property located at 2223 Avenue K, Galveston, Texas 77550 (the "Property"). In connection with that purchase, Keaton executed a note in the amount of $180,000.00 (the "Note"). To secure repayment of the Note, Keaton executed a Deed of Trust. Chase Manhattan Mortgage Corporation ("Chase") is the lender listed on both the Note and the Deed of Trust (collectively, "the Loan"). On August 28, 2014, Chase assigned its interest in the Loan to Defendant Community Loan Servicing, LLC f/k/a Bayview Loan Servicing, LLC ("Community").[1]

The Loan requires Keaton to make monthly payments. If Keaton fails to make payments, the holder of the Note has the right to foreclose on the Property. On December 1, 2016, Keaton did not make her monthly payment. She has failed to make any payments since then. On August 20, 2019, Community sent a Notice of Default and Intent to Accelerate to Keaton. Community gave Keaton until

---

[1] The current beneficiary of the Deed of Trust and holder of the Note is Nationstar Mortgage d/b/a Mr. Cooper as the successor by merger to Community.

September 19, 2019 to cure the default by paying the delinquent amount of $70,761.42. Keaton did not cure the default.

Due to financial difficulties resulting from the COVID-19 pandemic, Keaton requested and obtained from Community a forbearance on the Loan. According to Keaton, Community orally "promised [her] that the arrearages would accumulate and be moved to the back end of the note." Dkt. 18-4 at 2.[2] At some unspecified point in time, the forbearance period ended. On March 28, 2022, with Keaton still in default, Community sent a Notice of Acceleration and Notice of [Substitute] Trustee's Sale to Keaton. These notices informed Keaton that a foreclosure sale of the Property would occur on May 3, 2022.

On April 28, 2022, Keaton filed this suit against Community in the 405th Judicial District Court of Galveston County, Texas. Shortly thereafter, Keaton obtained a Temporary Restraining Order that stopped the May 3, 2022 foreclosure sale. The Original Petition identifies the following causes of action: (1) promissory estoppel; (2) breach of contract; (3) violation of Texas Property Code § 51; (4) declaratory judgment; and (5) fraud in the inducement. Additionally, Keaton seeks damages for intentional infliction of emotional distress, as well as injunctive relief to preclude Community from foreclosing on the Property. Community timely removed this matter to federal court and filed a counterclaim, asking "the Court [to] enter a judgment against . . . Keaton for foreclosure of the Property" and award attorney's fees. Dkt. 7 at 6. Community has moved for summary judgment on Keaton's claims and its counterclaim. In her response to Community's summary judgment motion, Keaton abandons her claim for fraud in the inducement.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The summary judgment movant bears the burden of

---

[2] Neither party has presented any documentation reflecting a written forbearance plan.

proving that no genuine issue of material fact exists." *Certain Underwriters at Lloyds, London v. Cox Operating*, 83 F.4th 998, 1002 (5th Cir. 2023). A fact issue "is material only if its resolution could affect the outcome of the action." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 877 (5th Cir. 2003) (quotation omitted). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). "To withstand a motion for summary judgment, a plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). At this stage, I "view all facts, and the inferences to be drawn from them, in the light most favorable to the nonmovant." *Brandon v. Sage Corp.*, 808 F.3d 266, 269 (5th Cir. 2015) (quotation omitted).

## OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

In opposing summary judgment, Keaton submits a two-page affidavit that she signed on June 9, 2023. Community objects to two paragraphs of the affidavit on the grounds that they are conclusory and contain hearsay. I deny these objections as moot because "this evidence does not affect the disposition of the summary judgment motion." *Lilly v. SSC Houston Sw. Operating Co.*, No. 4:20-cv-03478, 2022 WL 35809, at *3 n.2 (S.D. Tex. Jan. 4, 2022); *see also Banks v. Bell Helicopter Textron, Inc.*, No. 4:10-cv-653, 2011 WL 13291576, at *4 (N.D. Tex. Nov. 4, 2011) ("[B]ecause [Defendant] is entitled to judgment as a matter of law even considering the objected-to evidence, the Court overrules [Defendant]'s objections as moot."); *Jones v. United Parcel Serv., Inc.*, No. 3:06-cv-1535, 2008 WL 2627675, at *6 (N.D. Tex. June 30, 2008) (denying objections to summary judgment evidence as moot because the evidence was "not central to the court's conclusions, and sustaining the parties' objections would not change the result").

## ANALYSIS

**A.   KEATON'S CLAIMS FOR AFFIRMATIVE RELIEF**

### 1.   *Promissory Estoppel*

The thrust of Keaton's promissory estoppel claim is that Community "made a promise to [Keaton] to move the arrearages created from the COVID-19 forbearance to the back of the note" and that Keaton "reasonably and substantially relied on the promise to her detriment." Dkt. 1-4 at 7–8.

"The requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983).

This promissory estoppel claim fails as a matter of law. Under Texas law, a loan agreement for more than $50,000 is not enforceable unless it is in writing. *See* TEX. BUS. & COM. CODE § 26.02(b). The term "loan agreement" includes any agreement or promise where a financial institution "loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." *Id.* § 26.02(a)(2). As such, it is black letter law that an agreement to modify a loan for more than $50,000.00 is subject to the Texas statute of frauds, and therefore, must be in writing to be enforceable. *See, e.g.*, *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 794 (5th Cir. 2014) ("[B]ecause the loan agreement between Law and Ocwen for $284,000 was required to satisfy the Statute of Frauds, so too was the proposed modification agreement. Because the loan modification proposal failed to do so, it was not a valid contract upon which a claim of a breach can be based."). The loan at issue in this case is for $180,000. "As such, any effort to assert a claim for breach of a loan modification agreement would fail for lack of a written agreement between the parties." *Amaechi-Akuechiama v. U.S. Bank, N.A.*, No. 3:19-cv-00234, 2020 WL 908138, at \*5 (S.D. Tex. Jan. 31, 2020).

"Although promissory estoppel can sometimes provide a narrow exception to the statute of frauds, to fall within such an exception there must have been a

4

promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds." *Juarez v. Wells Fargo Bank, N.A.*, No. 5-17-cv-00756, 2018 WL 835211, at *3 (W.D. Tex. Feb. 12, 2018) (cleaned up). Therefore, the only way Keaton can pursue a promissory estoppel claim is if there is competent summary judgment evidence establishing that Community promised to reduce the alleged agreement to a written document that would satisfy the statute of frauds. No such evidence has been presented. Consequently, Keaton's promissory estoppel claim fails. *See Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) ("Plaintiff's promissory estoppel claim is unavailing because plaintiff has failed to allege or introduce evidence that Ocwen promised to reduce its alleged oral misrepresentations into writing.") (collecting cases).

### 2. *Breach of Contract*

Keaton argues that Community breached the Deed of Trust by failing to "provide a face-to-face counseling session"; failing "to provide proper notice and opportunity to cure pursuant to Texas Property Code [§] 51.002"; failing to "[comply] with . . . [Housing and Urban Development] regulations pursuant to the Deed of Trust"; "violating paragraph 15 . . . by failing to send all required foreclosure notices to [Keaton] at the proper address" and "violating [paragraph] 19 for refusing to give [Keaton] the opportunity to cure the default that [Keaton] had fraudulently been induced to creating." Dkt. 1-4 at 5–6.

Under Texas law, a plaintiff suing for breach of contract must prove "that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

Keaton's claim fails because she cannot satisfy the second element of her claim—that she performed under the Deed of Trust. The Deed of Trust requires Keaton to "pay when due the principal of, and interest on, the debt evidenced by

5

the Note and any prepayment charges and late charges due under the Note." Dkt. 17-1 at 11. It is undisputed that Keaton violated this provision by failing to make timely monthly payments as required by the Note.

Under Texas law, "[i]t is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (quotation omitted). "With this basic principle in mind, federal courts routinely dismiss breach of contract actions brought by borrowers in default." *Daigle v. AmeriHome Mortg. Co.*, No. 3:22-cv-00133, 2023 WL 8373179, at *3 (S.D. Tex. Dec. 4, 2023) (collecting cases). As such, Keaton's "own default [of the Deed of Trust] precludes [her] from asserting a cause of action for breach of contract against [Community]." *Bush v. Wells Fargo Bank, N.A.*, No. SA:13-cv-530, 2014 WL 12496571, at *6 (W.D. Tex. Apr. 24, 2014); *see also Jackson v. Bank of Am., N.A.*, No. 3:13-cv-581, 2014 WL 5511017, at *4 (S.D. Miss. Oct. 31, 2014) ("Even though the express incorporation of the HUD regulations in Jackson's Deed of Trust may give him a legal basis for a breach of contract claim, the claim is nevertheless invalid . . . [because] Jackson's admitted default meant that he breached the Deed of Trust first, and therefore he cannot bring a breach of contract claim against the Banks.").

Keaton argues that she was "in good standing on her mortgage loan as a result of the [oral] forbearance agreement which required [Community] to restructure the debt after the forbearance period expired[, and Community] failed to do so." Dkt. 18 at 3. This argument gets Keaton nowhere. As discussed at length, any alleged oral forbearance agreement is barred by the statute of frauds. Even if there was, hypothetically, an enforceable forbearance agreement in place, Keaton concedes that the forbearance period has ended. *See* Dkt. 1-4 at 4. Because the uncontroverted summary judgment evidence establishes that Keaton has failed to make a single loan payment since November 2016, she continues to remain in default even after the expiration of any forbearance period. Her breach of the Loan dooms her breach of contract claim.

### 3. *Texas Property Code § 51.002*

Keaton's next cause of action is for Community's alleged violation of Texas Property Code § 51.002. Keaton argues that Community failed to follow the foreclosure procedures set out in that statute. In moving for summary judgment, Community correctly points out that § 51.002 does not create a private cause of action. I have addressed this issue before:

> As explained by the Fifth Circuit, "the federal district courts that have addressed [this issue] seem to conclude that Section 51.002(d) does not intend an independent private cause of action." *Rucker v. Bank of America, N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015). This Court agrees with the consensus of Courts that have addressed this issue and holds that Section 51.002 of the Texas Property Code does not create a private cause of action. *See, e.g., Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13-cv-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ("This Court has not found any cases that interpret 51.002 to establish an independent right of action for damages.").

*Duplechaine v. HSBC Bank USA, N.A.*, No. 3:17-cv-00221, 2018 WL 2100256, at *4 (S.D. Tex. Apr. 18, 2018). Because the same analysis applies here, Keaton's claim for a violation of § 51.002 fails.

### 4. *Intentional Infliction of Emotional Distress*

Keaton seeks mental anguish damages under a theory of intentional infliction of emotional distress because she "endured stress, anxiety, and loss of sleep as a result of [Community]'s misconduct." Dkt. 1-4 at 10. Under Texas law, "[t]o recover damages for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003). As a matter of law, "[e]xtreme and outrageous conduct is conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quotations omitted).

Community argues that the record lacks a shred of evidence indicating that its actions were "extreme and outrageous" or that it acted wrongfully at all. "Texas courts have made clear that conduct associated with exercising a legal right is privileged and *cannot* be the basis for an [intentional infliction of emotional distress] claim." *Hines v. Wells Fargo Bank, N.A.*, No. H-13-00167, 2013 WL 5786473, at *7 (S.D. Tex. Oct. 28, 2013). Community's exercise of its rights under the Loan cannot be considered intentional infliction of emotional distress. *See Amaechi-Akuechiama*, 2020 WL 908138, at *8 (collecting cases). As such, Keaton's claim for intentional infliction of emotional distress fails as a matter of law.

### 5. *Declaratory and Injunctive Relief*

Keaton seeks a declaratory judgment "that the pending foreclosure sale of [the] Property is wrongful because [Community]failed to properly follow the procedures as set forth in the Deed of Trust, the Texas Property Code as well as the Texas Constitution" and "because [Community] was precluded from taking any action whatsoever to foreclose on [Keaton]'s property without first complying with the Texas Property Code and [Housing and Urban Development] Regulations pursuant to the Deed of Trust." Dkt. 1-4 at 5. Keaton also asks for injunctive relief to prevent Community from foreclosing on the Property.

"The Declaratory Judgment Act, which authorizes a federal court to 'declare the rights and other legal relations of any interested party seeking such declaration,' is merely a procedural device and does not create any substantive rights or causes of action." *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018) (quoting 28 U.S.C. § 2201(a)). "Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive." *Davis v. Silver State Fin. Servs.*, No. H-13-1432, 2014 WL 713235, at *10 (S.D. Tex. Feb. 20, 2014) (collecting cases). Because Keaton's substantive, underlying claims fail, her declaratory judgment claim fails too. *See*

8

*Ferrell v. Union Home Mortg. Corp.*, No. 3:19-cv-00352, 2021 WL 1306685, at *4 (S.D. Tex. Apr. 7, 2021).

Similarly, "parties are not entitled to injunctive relief where the court has dismissed each of their claims as a matter of law." *Bourgeois v. New Century Mortg. Corp.*, No. 3:17-cv-00059, 2018 WL 3118392, at *4 (S.D. Tex. June 1, 2018) (quotation omitted). "Because all of [Keaton]'s underlying claims fail as a matter of law, her request[] for injunctive relief . . . likewise must be denied." *Smith v. Wells Fargo Bank, N.A.*, No. H-14-283, 2014 WL 3796413, at *2 (S.D. Tex. July 31, 2014).

### B. COMMUNITY'S COUNTERCLAIMS FOR BREACH OF CONTRACT AND AN ORDER AUTHORIZING FORECLOSURE

Community also seeks summary judgment on its counterclaim for breach of contract, "enforced through the non-judicial foreclosure of the lien." Dkt. 7 at 4. In other words, Community requests an order allowing it to foreclose on the Property.

I have already identified the elements of a breach of contract claim. To obtain an order allowing it to foreclose on the Property, Community must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) Keaton is in default under the Loan; and (4) Community provided proper notice of default and acceleration. *See Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013) (citing TEX. PROP. CODE § 51.002), *aff'd*, 583 Fed. Appx. 306 (5th Cir. 2014). These elements are easily satisfied.

On the breach of contract claim, Community and Keaton executed the Note and Deed of Trust, both of which are valid and enforceable agreements. Community performed under the agreements by providing $180,000 to Keaton to purchase the Property. Keaton breached the terms of the Loan by failing to make payments, thus causing Community monetary damages.

As far as the request for a non-judicial foreclosure, it is undisputed that Keaton executed the Note in the principal amount of $180,000.00. It is also

9

uncontroverted that the Note is secured by a Deed of Trust, which Keaton executed alongside the Note. The Deed of Trust was filed in the Galveston County real property records. There is also no question that Keaton is in default. Keaton has failed to make a single payment under the Note in more than seven years. Finally, as already discussed, Community sent Keaton the required notices of default and acceleration via certified mail on August 20, 2019, and March 28, 2022, respectively.

Community has established that no genuine issue of material fact exists on its claims for breach of contract and non-judicial foreclosure. As such, Community is entitled to summary judgment on both claims. Community must provide notice of the sale to Keaton as required by law and contract. *See* TEX. PROP. CODE § 51.002(b).

## CONCLUSION

For the reasons discussed above, Community's Motion for Summary Judgment (Dkt. 17) is **GRANTED**. A final judgment will be issued separately.

SIGNED this 20th day of February 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

10